**LOCAL 58, UNITED RUBBER, CORK, LINOLEUM & PLASTIC WORKERS OF AMERICA, AFL–CIO, Plaintiff-Appellant,**

v.

**SUN PRODUCTS CORPORATION, Defendant-Appellee.**

No. 75–1370.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 1975.

George B. Vasko, Miller & Morris, Akron, Ohio, for plaintiff-appellant.

Edward C. Kaminski, Buckingham, Doolittle & Burroughs, David H. Shaffer, Akron, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and WIECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal concerns the right of employees of Sun Products to receive vacation pay under the terms of an expired collective bargaining agreement. When negotiations for a new agreement were unsuccessful the employees began an economic strike. This occurred on December 5, 1973, the date of expiration of the previous agreement. Attempts to negotiate a new agreement continued until April 19, 1974 when the Company notified the Union of its intent to close the plant. The Company and Union entered into a "Memorandum of Understanding" in which the positions of both sides were set forth. The Union stated its position that the employees who, in 1973, had fulfilled the service requirements of the collective bargaining agreement for vacations with pay were entitled to receive pay in lieu of such vacations in 1974.

The issues in this case are identical to those decided in *International Association of Machinists & Aerospace Workers, Local 2369, et al. v. Oxco Brush Division of Vistron Corp.*, 517 F.2d 239 (6th Cir. 1975). In the present case the plaintiff-appellant has conceded that the vacation pay dispute did not arise while the collective bargaining agreement was in force and that it did not initiate a grievance on this issue during the life of the contract. Thus the Union was not entitled to compulsory arbitration.

The district court granted the Company's motion for summary judgment on the merits of the claim for breach of contract as well as on the issue of arbitration. The Company contends that differences between the contract language of the instant case and that considered in *Oxco* distinguish the two cases. The contract in *Oxco* provided that each employee with one or more

years of continuous employment "who is an employee of the Company on December 31st of any year will be granted a vacation with pay (or pay in lieu of vacation) in the succeeding calendar year . . . ." In *Oxco* the court reaffirmed its previous holding that vacation pay is actually additional wages for work already performed and held that the requirement that a person be "an employee of the Company on December 31st of any year" was not a material provision of the contract.

Article VII of the last contract between Local 58 and Sun Products provided, inter alia, as follows:

### ARTICLE VII
### VACATIONS WITH PAY

Vacation with pay is based on the principle that such pay is to be earned by the employee because of his production service to the Company.

*Section 1. Vacations*

\*        \*        \*        \*        \*        \*

(b) An employee's vacation service for the purpose of qualifying for a vacation shall be his Company seniority as of January 1st of the current year.

(c) An employee to be eligible for vacation with pay must meet both of the following qualifications:

(1) An employee must have accumulated thirteen (13) weekly payroll checks received for work performed during the preceding calendar year.

(2) An employee must be actively employed by the Company any time between January first (1st) and August first (1st) of the then current vacation year.

\*        \*        \*        \*        \*        \*

(h) A laid-off employee who has qualified for a vacation with pay and who has not returned to work prior to August first (1st) of the then current vacation year will be paid his vacation pay.

(i) In the event an eligible employee dies before receiving vacation pay, the vacation pay shall be paid to the employee's beneficiary or his estate.

(j) An employee retiring will receive a vacation benefit pro-rated to the last day of the month in which he retires.

■■ As we pointed out in *Oxco,* persons who engage in a strike following expiration of a collective bargaining agreement with their employer retain their status as employees. This was recognized by the parties in the present case in their "Memorandum of Understanding" which provided for notices of permanent separation to be sent to each employee after June 24, 1974. Thus the persons represented by the plaintiff in this case were employees between January 1, 1974 and June 24, 1974. The requirement that they be "actively" employed at any time in the first seven months of 1974 appears no more material than the requirement previously referred to in *Oxco, supra,* or those provisions considered in *Schneider v. Electric Auto-Lite Co.,* 456 F.2d 366 (6th Cir. 1972); *Local Union No. 186, United Packinghouse, Food & Allied Workers v. Armour & Co.,* 446 F.2d 610 (6th Cir. 1971), *cert. denied,* 405 U.S. 955, 92 S.Ct. 1170, 31 L.Ed.2d 231 (1972), and *Smith v. Kingsport Press, Inc.,* 366 F.2d 416 (6th Cir. 1966). The material requirements of the agreement for vacation with pay are those which pertain to the "measuring year"—1973, not those which relate to the "vacation year"—1974.

Those employees of defendant who "accumulated thirteen (13) weekly payroll checks received for work performed during" 1973 and who were prevented from being actively employed "any time between January first (1st) and August first (1st)" of 1974 by reason of the strike which began on December 5, 1973 and the subsequent closing of the plant are entitled to vacation pay if they also completed one or more years of continuous employment in 1973. The amount due each such employee is to be computed in accordance with the controlling

provisions of the last collective bargaining agreement between the Union and the Company.

The order granting the defendant's motion for summary judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion. Costs to the appellants.